UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re SNOWSHOE MILLWORKS, LLC | ) ) ) | |
| SHEILA COFFIN HARSHMAN, | ) ) | |
| Appellant, | ) ) ) | Civil Action No. |
| v. | ) ) | 24-12894-FDS |
| STAGE POINT FUND, LLC, | ) ) ) | |
| Appellee. | ) ) | |

### ORDER ON BANKRUPTCY APPEAL

**SAYLOR, C.J.**

This is an appeal of an order of the Bankruptcy Court in the bankruptcy of Snowshoe Millworks, LLC. Appellant Sheila Coffin Harshman seeks review of the denial of her "Amended Motion to Dismiss for Breach of Contract and Defraud Upon the Court That Do Lead to Violation of G.L. § 49 Criminal Usury." (ECF 1 at 1). Appellant is the debtor's manager and sole member. (ECF 18 Ex. 1 at 4, 6). She is proceeding *pro se.* Stage Point Fund, LLC, the appellee, is a secured creditor of the debtor. (*Id.* at 12-69). Steven Weiss, the debtor's Chapter 7 Trustee, has intervened in the appeal. (ECF 8).

Appellant challenges the Bankruptcy Court's denial of her motion to dismiss the bankruptcy under § 707(b) of the Bankruptcy Code. (ECF 18 Ex. C at 15; Ex. F at 20). She argues here, as she did below, that dismissal is warranted because of alleged failures on the part of the Chapter 7 trustee, and because Stage Point breached contracts made between it and the debtor. (ECF 10).

A District Court reviewing orders of the Bankruptcy Court reviews questions of law *de novo*. *See In re Aja*, 442 B.R. 857, 860 (B.A.P. 1st Cir. 2011).[1] The availability of dismissal under § 707(b) is a question of law. A court may only dismiss a bankruptcy under § 707(b) if it "finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. § 707(b)(1). In other words, dismissal under that provision is appropriate only if the debtor appears to be engaging in the bankruptcy process to obtain a discharge unfairly. *See, e.g.*, 11 U.S.C. § 707(b)(2)(A)(i) (establishing a presumption of abuse if the debtor fails a means test).

Appellant, as debtor's sole manager, filed for bankruptcy on its behalf, seeking to obtain a discharge of its debts, including its debts to appellee Stage Point Fund. (ECF 18 Ex. A). She then, as the debtor's sole equity holder, failed to object to all but one of the intermediate approvals the Bankruptcy Court issued while overseeing the liquidation of the debtor's assets.[2] (ECF 2). Subject to the orders of the Bankruptcy Court, the properties formerly owned by the debtor were sold to good-faith-purchasers. (ECF 18 Ex. B at 12-16, Ex. C at 12-14). Appellant did not appear at any hearings concerning those actions, and she did not appeal them. Instead, she filed a motion to dismiss that, in substance, challenged the validity of those actions approved by the Bankruptcy Court. (ECF 18 Ex. C at 15; Ex. F at 20).

However, challenges to the trustee's approved conduct and to the validity of the debts owed to Stage Point are not adequate grounds for § 707(b) dismissal. Appellant's allegations,

---

[1] Such a review is ordinarily based on the record on appeal filed by the appellant, but because neither party here has filed a record, the Court takes notice of the bankruptcy docket, appellant's filings and their attachments, and the appellee's appendix, which is a comprehensive set of excerpts from the record in the bankruptcy.

[2] Appellant objected to the motion to distribute proceeds from the first property sale, but she did not appear at the hearing, and her objection was overruled. (ECF 18 Ex. B at 30, 34-35).

and the excerpts from the record contained in the appellee's appendix, fail to establish that the debtor is abusing the bankruptcy process.[3]

Accordingly, upon *de novo* review, the order of the Bankruptcy Court denying appellant's motion to dismiss the bankruptcy under § 707(b) is AFFIRMED.

**So Ordered.**

Dated: July 2, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[3] Indeed, it would be odd for the appellant, as debtor's sole equity-holder, to argue that the debtor was unfairly obtaining the benefits of a bankruptcy discharge.